IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et al. | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: ELH-11-2389 |
| | * | |
| METRO GLASS & MIRROR, INC. d/b/a GDK Glass and Mirror, Inc. | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*

MEMORANDUM

International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and Gary Meyers, plaintiffs, filed suit in this Court on August 25, 2011, alleging that Metro Glass & Mirror, Inc. ("Metro"), defendant, failed to make contributions required under the Employment Retirement Income Security Act of 1974 ("ERISA"). In particular, plaintiff alleged that Metro, which employed members of local labor unions or district councils affiliated with the International Unions of Painters and Allied Trades, AFL-CIO (the "Union"), had agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). Complaint ¶ 11. The CBA, together with the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), established and maintained the Pension Fund. Complaint ¶ 12, Exhibit 2. Metro also agreed to abide by the terms of the Trust Agreement. Complaint ¶ 12.

Both Meyers and the Pension Fund are authorized collection fiduciaries and agents for the International Painters and Allied Trades Industry Pension Plan, as well as the International Painters and Allied Trades Industry Annuity Plan. These are "multiemployer plans," "employee

benefit plans," and "employee benefit pension plans," as defined by ERISA.  Complaint ¶ ¶ 5-6, 8.

According to the Complaint, Metro was obligated, *inter alia,* to make full and timely monthly payments to the Pension Fund, pursuant to the CBA, Trust Agreement, and plan documents.  In addition, Metro was required to produce books and records for audit, upon request by the Pension Fund.  Further, Metro  must pay liquidated damages, interest, audit costs, and litigation costs, including attorney's fees expended by the Pension Fund to collect amounts due and owing as a result of Metro's failure to comply with its contractual and statutory obligations.  Complaint ¶ 14.

Plaintiffs alleged that Metro failed to pay the amounts due and owing during the period August 2010 through December 2010.  Complaint ¶ 26.  As a result, plaintiffs filed the underlying suit.  Metro was served with the summons and complaint on August 30, 2011.  ECF 4.  On December 6, 2011, after Metro failed to answer or otherwise respond, plaintiffs filed a Motion for Entry of Default.  ECF 6.  It was granted on December 7, 2011.  ECF 7.  Thereafter, on January 17, 2012, plaintiffs filed a Motion for Judgment by Default (ECF 9), seeking monetary damages, interest, counsel fees, and costs.  The Motion is supported by several exhibits.

On January 18, 2012, pursuant to 28 U.S.C. § 636 and Local Rule 301.6, this Court referred the matter to Magistrate Judge Stephanie Gallagher for a Report and Recommendation as to the pending Motion.  On March 14, 2012, Judge Gallagher issued a thorough and well considered report and recommendation ("Report") (ECF 16), in which she made the following recommendations, *id*. at 11:  1) That the Court grant plaintiffs' Motion for Judgment by Default; 2) That the Court award plaintiffs $9,550.14 in unpaid contributions; $342.62 in interest;

$1,432.52 in liquidated damages; and $6,469.26 in legal fees and costs, for a total award to plaintiffs of $17,794.54.

In addition, the Report recommends certain injunctive relief allowed by the terms of the CBA, including submission by Metro of monthly remittance reports and production of all of the payroll books and financial records, in order to satisfy a contribution compliance audit.  ECF 16, at 10 (citing Exhibit 2 at 20).  As noted in the Report, Metro agreed to such terms as part of its contractual obligations.  Moreover, this Court has authority to order an audit under ERISA.  *See* 29 U.S.C. § 1132(a)(3) and 1132(g)(2)(E).

The time for filing objections to the Report has passed.  *See* F.R. Civ. P. 72(b); Local Rule 301.5(b).  No objections were filed.

In accordance with F.R. Civ. P. 72(b), I have reviewed the Report for clear error with respect to the determination of the issues as to which the Report relates.  I find that Judge Gallagher's proposed rulings are correct in all respects.  Accordingly, I adopt the Report and Recommendation as my own.

A separate Order follows.


_____/s/_____
Ellen Lipton Hollander
United States District Judge